<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOEY'S PLACE, LLC t/a BLISS NIGHTCLUB, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CLIFTON, *et al.*, <br><br> Defendants. | Case No. 2:19-cv-20546 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendants City of Clifton (the "City"), Clifton Police Department, Clifton Mayor James Anzaldi, and Clifton City Manager Dominick Villano's (collectively, "Moving Defendants") Motion for Reconsideration (ECF No. 43), seeking reconsideration of the September 14, 2021 Order and Opinion (ECF Nos. 36, 37), which denied Moving Defendants' Motion to Dismiss. Plaintiffs Joey's Place, LLC t/a Bliss Nightclub ("Bliss") and Glenn Franco's ("Franco") (collectively, "Plaintiffs") filed an opposition. (ECF No. 46.) Moving Defendants filed a reply. (ECF No. 50.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Moving Defendants' Motion for Reconsideration is **DENIED**.

**I.     BACKGROUND**

Because the Court has previously described the factual background and procedural history underlying this dispute (ECF No. 21 at 2–6; ECF No. 37 at 2–8), the Court will only briefly describe matters relevant to the pending motion.

On July 21, 2015, Bliss was granted an entertainment license for five nights per week. (Am. Compl. (ECF No. 24) ¶ 16.) Starting in late 2015, Plaintiffs allege the City began to "racially profile Bliss." (*Id.* ¶¶ 21–29.) On August 31, 2016, Clifton police were called concerning a "riot" that took place at a party at Bliss. (*Id.* ¶ 40.)

On September 6, 2016, after a hearing regarding Bliss's renewal of its entertainment license, the City put Bliss on probation for six months. (*Id.* ¶ 42.) Bliss agreed to the probation. (*Id.* ¶ 46.) On March 7, 2017, Bliss requested reinstatement of the full use of its entertainment license. (*Id.* ¶ 48.) The City demanded increased security measures, despite Bliss having completed six-month probation without incident, and extended Bliss's probation for an additional thirty days. (*Id.* ¶ 49.) On March 11, 2017, the hip-hop entertainers at Bliss were detained by off-duty Clifton Police officers because the smell of marijuana was detected. (*Id.* ¶¶ 50, 53.)

On March 27, 2017, Bliss was ordered to show cause as to why its entertainment license should not be "revoked, suspended, or otherwise limited" by the City. (*Id.* ¶ 58.) Bliss alleges the City based its order on the police report dated March 12, 2017, written by Officer Gene Hayes. (*Id.* ¶ 59.) The hearing occurred on April 11, 2017, and Plaintiffs contend the City revoked Bliss's license for "pretextual" reasons and the "true motivation" was "racial animus of Defendants toward Plaintiff's clientele." (*Id.* ¶¶ 69, 71.) Bliss was forced to close its doors. (*Id.* ¶ 74.)

On November 20, 2019, Franco discovered another police report written by Officer Robert Tillie ("Officer Tillie") that allegedly "had been altered by someone in the Clifton Police Department." (*Id.* ¶ 60.) Plaintiffs allege Officer Tillie's report was never furnished to Plaintiffs and was significantly different from the one presented to Plaintiffs during the proceedings to revoke Plaintiffs' entertainment license. (*Id.* ¶ 61.) Plaintiffs allege the report written by Officer Tillie is "significant because the other reports do not identify him as an officer with relevant

information," and further, "Officer Tillie's report names a second officer, a Lieutenant Sawyer, who was not identified in Officer Hayes' report." (*Id.* ¶¶ 62, 63.) Franco also discovered, around November 20, 2019, many Clifton Police officers "possessed information that would have been helpful to Plaintiffs" but were "pressured to keep quiet" by Clifton's Chief of Police and other Clifton officials. (*Id.* ¶ 64.) Among those "pressured to keep quiet" were Officer Tillie and Lieutenant Sawyer. (*Id.* ¶ 65.) Plaintiffs allege had they received Officer Tillie's report, "they would have had an opportunity to review and call additional witnesses and present additional evidence" at the April 11, 2017 Order to Show Cause hearing ("OTSC Hearing"). (*Id.* ¶ 66.)

On November 20, 2019, Plaintiffs filed a four-count Complaint against Moving Defendants, Martha's Vineyard Inc. d/b/a Buco and John Does 1-10 asserting claims for (i) 42 U.S.C. §§ 1983 and 1985 (Equal Protection); (ii) 42 U.S.C. §§ 1981, 1982, 1983, and 1985 (Retaliation); (iii) 42 U.S.C. §§ 1981, 1982, 1983, and 1985 (Due Process); and (iv) the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-12 ("NJLAD"). (ECF No. 1.) On December 31, 2020, the Court granted Moving Defendants' motion to dismiss and dismissed the Complaint without prejudice. (ECF No. 24.) On January 21, 2021, Plaintiffs filed a four-count Amended Complaint that is nearly identical to the original complaint except for new allegations generally related to Officer Tillie and his report. (ECF No. 24.) On February 10, 2021, Moving Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6), arguing, generally, notwithstanding Plaintiffs' new allegations, Plaintiffs' claims are time-barred and the continuing violations doctrine does not apply. (ECF No. 27.)[1] On March 22, 2021, Plaintiffs filed an Opposition arguing, generally, Plaintiffs' new allegations establish a continuing violation. (ECF

---

[1] Martha's Vineyard, Inc. d/b/a Buco ("Buco") did not join the motion to dismiss the Amended Complaint or this motion for reconsideration.

No. 30.) On April 12, 2021, Moving Defendants filed a Reply. (ECF No. 33.) On September 14, 2021, the Court denied Moving Defendants' Motion to Dismiss. (ECF No. 37.) Moving Defendants seek reconsideration.

## II.     LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.,* Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.,* Civ. A. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999); *accord N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194,

1218 (3d Cir. 1995). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). Therefore, a party "must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.,* Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

## III. DECISION

Moving Defendants argue the Court should reconsider its September 14, 2021 decision to deny their Motion to Dismiss because the decision was based upon inaccurate factual information contained in Plaintiffs' Amended Complaint. (ECF No. 43-1 at 11.) Moving Defendants assert Plaintiffs were aware of and in possession of Officer Tillie's report on or before August 31, 2017, as evidenced by Plaintiffs' purported use of the report in connection with an August 31, 2017 hearing in Passaic Municipal Court. (*Id.* at 16.) Moving Defendants argue the two-year limitations period would have expired on August 31, 2019, and therefore, Plaintiffs' claims were time barred when they filed their Complaint in November 2019. (*Id.*) In support of their argument, Moving

Defendants refer the Court to a series of exhibits purportedly demonstrating Plaintiffs possessed or were aware of the report in August 2017. (*Id.* at 13–16.) Moving Defendants also take issue with Plaintiff's allegation in the Amended Complaint that Officer Tillie's report was substantially different from the report presented to Plaintiffs during the proceedings to revoke their entertainment license, and argue the Court's reliance on Plaintiff's allegation was premised on "material misrepresentations and factual inaccuracies that were contained in Plaintiffs' Amended Complaint." (*Id.* at 17–18.) Specifically, Moving Defendants contend, contrary to Plaintiffs' allegations, Officer Tillie's report is substantially similar to the one presented to Plaintiffs during the proceedings to revoke their entertainment license. (*Id.* at 17.) Moving Defendants argue reconsideration of this issue is necessary to prevent a manifest injustice. (*Id.* at 18.) Finally, Moving Defendants assert Plaintiffs' claims are barred by the entire controversy doctrine and *res judicata* and request the Court "consider and rule on the previous legal arguments that were advanced in [their] motion to dismiss" the initial complaint. (*Id.* at 18–20.)

The Court finds Moving Defendants failed to show why the Court should reconsider its Order and Opinion denying their motion to dismiss the Amended Complaint.

First, courts will amend a prior judgment for newly discovered evidence only where the evidence submitted "was not available when the court [decided] the motion." *See Max's Seafood Cafe, ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The evidence Moving Defendants offer in their Motion for Reconsideration is not newly discovered. Exhibits submitted by Moving Defendants in support of reconsideration are dated 2017 (ECF No. 43-2 at 2), and were available to Moving Defendants at the time they filed their motion to dismiss the Amended Complaint (February 10, 2021), which was also prior to the Court's denial of that motion (September 14, 2021). The Court cannot grant Moving Defendants' Motion for Reconsideration

based on their belated exhibits. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (finding district court correctly did not consider affidavit filed after entry of judgment because it was available before the entry of judgment); *see also Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011) (affirming denial of reconsideration because the evidence was "not in fact newly discovered" where petitioner "had possession of it many months before" district court rendered its decision).

Second, the underlying motion to dismiss the Amended Complaint and the current motion for reconsideration are not the appropriate means to challenge the veracity of Plaintiffs' allegations in the Amended Complaint. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (considering a motion to dismiss brought under Rule 12(b)(6) accepts all facts and allegations listed in the complaint as true and draws all reasonable factual inferences in the light most favorable to the plaintiff). In other words, Moving Defendants' disagreement with the Court accepting allegations listed in Plaintiffs' Complaint as true (ECF No. 43-1 at 20) cannot be the basis for altering the Court's judgment. *See Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law") (citations omitted). Accordingly, Moving Defendants have not demonstrated how accepting Plaintiffs' allegation that Officer Tillie's report is substantially different from the report presented at the revocation hearing as true when deciding their 12(b)(6) motion constitutes a manifest injustice.

Further, Moving Defendants' arguments regarding the application of the entire controversy doctrine and res judicata were not raised in their motion to dismiss the Amended Complaint. (ECF

No. 50 at 10.) This forecloses any discussion of their belated argument. *DeLong Corp. v. Raymond Intern., Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980) (holding motion for reconsideration should only be granted where such facts or legal authority were indeed presented but overlooked); *see also Warren v. Fisher*, Civ. A. No. 10-5343, 2013 WL 6805668, at *3 ("Reconsideration is not . . . an opportunity to present new legal arguments that were available but not advanced when the underlying motion was decided.").

### IV. CONCLUSION

For the reasons set forth above, Moving Defendants' Motion for Reconsideration (ECF No. 43) is **DENIED.**

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: January 14, 2022